JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Emily Margiatto

### DEFENDANTS
Hospital of The University of Pennsylvania

**(b)** County of Residence of First Listed Plaintiff: **Mercer County NJ**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia PA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Albert J. Michell, PC, 40 W. Evergreen Ave. Ste. 102, Philadelphia, PA 19118
Tel# 215.922.2588

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [xx] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 2000 et seq

Brief description of cause:
Sexual harassment, retaliation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/20/2021

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1733 Weldon Shivers Drive, Ewing, New Jersey 08628

Address of Defendant: 3400 Spruce Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: _____

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [x]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [x]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [x]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [x]

I certify that, to my knowledge, the within case [ ] is / [x] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/20/2021  _____[signature]_____  76797
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [x] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify)*: _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*: _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify)*: _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Albert J. Michell, Esq., counsel of record *or* pro se plaintiff, do hereby certify:

[x] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[x] Relief other than monetary damages is sought.

DATE: 10/20/2021  _____[signature]_____  76797
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Emily Margiatto : CIVIL ACTION
v.
Hospital of The University
of Pennsylvania : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (xx)

| 10/20/2021 | Albert J. Michell, Esq. | Plaintiff Emily Margiatto |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215.922.2588 | 215.922.2590 | amichell@netcarrier.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Emily Margiatto | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | DOCKET NO.: |
| | : | |
| Hospital of The University of Pennsylvania | : | |
| Defendant. | : | |

## COMPLAINT

Comes now Plaintiff, Emily Margiatto, by and through counsel Albert J. Michell, Esquire, and for her complaint and cause of action, states as follows:

## PARTIES

1. Plaintiff, Emily Margiatto (hereinafter "Plaintiff" or "Emily") is an adult female resident of the State of New Jersey residing at 1733 Wheldon Shivers Drive, Ewing, New Jersey 08628.

2. Defendant Hospital of The University of Pennsylvania (hereinafter "Defendant" or "Penn") is a private care hospital affiliated with the University of Pennsylvania Health System located at 3400 Spruce Street, Philadelphia, PA 19104.

3. Defendant Penn is a person as defined in 42 U.S.C. Sec 2000e-2(a).

4. At all times relevant to this action Defendant Penn was "engaged in an industry affecting commerce" within the meaning of Sections 701(g) and 701(h) of Title VII, 42 U.S.C. Sections 2000e(g) and 2000e(h) (hereinafter "Title VII").

For each working day and for each of twenty or more calendar weeks in the current calendar year, 2021, and at all other times relevant hereto, Defendant Penn employed 500 or more persons.

At all times relevant to this action Defendant Penn was an "employer" within the meaning of Section 701(b) of Title VII, 42 U.S.C. Section 2000e(b).

At all times relevant to this action, Defendant was an "employer" within the meaning of Section 4 of the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 P.S. Section 954

and Section 5 of the PHRA, 43 P.S. Section 955.

5. At all times material and relevant hereto Defendant Penn acted by and through its agents, servants, and employees, who were acting within the scope and course of their authority, agency, or employment and under the direct control of Defendant Penn.

## JURISDICTION

6. Jurisdiction of this Court comes under 28 U.S.C. Sec. 1331 (Federal Question) based on Plaintiff's claims under Sections 703(a) and 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a) and 2000e-5(f)(1) ("Title VII") (employment discrimination). The state law components of this action arise under the Pennsylvania Human Relations Act ("PHRA"), 43 P.C. Sections 953, 955 and 962(c)(1). This Court has supplemental subject matter jurisdiction over the state law components of this action pursuant to 28 U.S.C. Section 1367(a).

## VENUE

7. Venue in this district is proper because the discriminatory acts complained of occurred in Philadelphia, Pennsylvania, where Defendant Penn has its place of business.

## PROCEDURAL REQUIREMENTS

8. On or about July 2, 2021, within 300 days of the occurrence of the acts of discrimination of which she complains, Plaintiff Emily Margiatto filed a charge against her employer with the Equal Employment Opportunity Commission ("EEOC") alleging sexual discrimination, sexual harassment, and retaliation.

Said Charge was concurrently filed with the Pennsylvania Human Relations Commission ("PHRC").

The EEOC has held exclusive jurisdiction over Plaintiff's Complaint.

To date the EEOC has not reached a conciliation agreement to which Plaintiff is a party.

On or about September 24, 2021, Plaintiff received from the EEOC a Notice of Right To Sue letter allowing her to sue in Federal Court within ninety (90) days. (See attached hereto and

incorporated herein as Plaintiff's Exhibit "A", Notice of Right To Sue Letter.)

## FACTS

9. Beginning in June 2017 Plaintiff Emily Margiatto, a female, was employed by Defendant Hospital of the University of Pennsylvania in Philadelphia, PA as a Tissue Typing Technologist.

10. Emily's duties included but were not limited to genetic, serologic, and immunoassys testing and her work performance at all time material and relevant hereto, was excellent.

11. Plaintiff and her co-worker at Penn, Tissue Typing Technologist Derrick Bell (hereinafter "Mr. Bell") dated on and off from April 2018 to March 2020.

12. Emily and Mr. Bell's managers became aware of this situation. Subsequently in November 2019 Mr. Bell became a supervisor with managerial responsibilities over Plaintiff.

13. Upon becoming her supervisor, Mr. Bell proved emotionally abusive to Emily but not to her co-workers.

14. Mr. Bell would regularly corner Plaintiff in the offices and yell at her for nonsensical reasons.

15. Emily and her co-workers would report this treatment to management, including Mr. Bell's supervisor, to no avail.

16. Management at this time was aware of Plaintiff's romantic relationship status with Mr. Bell.

17. On about February 24, 2020 Plaintiff's co-worker Stefan Stinnett reported to management a February 21, 2020 incident of Mr. Bell verbally abusing Emily, to no avail.

18. Plaintiff ended the intimate relationship with Mr. Bell shortly thereafter in March, 2020. Mr. Bell subsequently was rebuffed by Emily when he asked her to attend a family function with him.

19. After this rebuff Mr. Bell's conduct became more emotionally abusive and he took tangible adverse employment actions against Emily.

20. In addition to the above harassing conduct, Mr. Bell commenced reporting Plaintiff to management for false reasons.

21. Emily suffered harassment, including being overly scrutinized and criticized by Mr. Bell, and she again complained to management about it but no responsive actions were taken.

22. On about December 24, 2020 Mr. Bell cornered Plaintiff, yelled at her and had her removed from her favorite testing bench, the Next Generation Sequencing (NGS) bench - a genetic sequencing station. Emily also reported this action to management, to no avail.

23. Mr. Bell subsequently removed Emily's bone marrow reporting responsibilities as well.

24. These actions were taken despite Emily's excellent performance of the above duties.

25. Up to this point management refused to take Plaintiff's complaints of Mr. Bell's retaliatory/harassing behavior to its human resources department.

26. On January 19, 2021 Stefan Stinnett reported another incident of Mr. Bell verbally abusing Plaintiff to Manager Jane Kearns, who responded that Emily had a "tendency to overreact to situations".

27. On June 18, 2021 Emily and a co-worker reported to management another instance of Mr. Bell's aggressive behavior (he had loudly flung open a door, nearly striking a co-worker with it, and yelled at Emily to leave it open), management told Emily that they did not see the interaction as aggressively as she did.

28. In response to Emily's complaints about Mr. Bell, Jane Kearns complained to Emily that she (Emily) is making her (Ms. Kearn's) life difficult and asked Emily why she didn't just leave the lab, and suggested to Emily that "maybe it is time" that she leave the lab.

29. On July 2, 2021 Plaintiff filed a charge against Penn with the EEOC alleging sexual harassment and retaliation based on the aforesaid.

30. Subsequent to this and despite now being on different shifts, Mr. Bell would continuously walk into rooms where Emily was present and often alone, despite allegedly being instructed not to do so.

31. This behavior escalated on August 4, 2021 when Mr. Bell entered a room where Emily was present and intentionally physically bumped into Emily as she stood near a water cooler; Mr. Bell then said "excuse me" and glared at Emily as she left the room.

32. Emily reported this incident to management; management did not follow up with Emily or the witness to the occurrence and took no action.

33. On or about September 10, 2021 Plaintiff Emily Margiatto resigned from her position at Penn due to the sexual harassment and retaliation described herein.

34. Plaintiff asserts that the harassment by Defendant because of Plaintiff's gender was pervasive and regular.

35. Defendant humiliated, embarrassed, and subjected Plaintiff to mental distress and anguish through deliberate sexual harassment and retaliation.

36. As a result of Defendant's sexual harassment of Plaintiff, Plaintiff suffered lost pay and benefits and other monetary damages including the necessity of hiring an attorney to file this suit.

## COUNT I
### Title VII - Sex Discrimination in Employment
### (Sexual Harassment - Hostile Work Environment)

37. Plaintiff incorporates paragraphs 1 through 36 as though set forth in full herein.

38. By the conduct of Penn as set forth above in the Statement of Facts by and through its employees within the course and scope of their employment with Penn, Defendant engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

39. Taken together, the acts outlined above constitute a hostile work environment based on gender as follows:
   (a) Plaintiff suffered the intentional discrimination outlined above because of her membership in a protected class - female;
   (b) such discrimination was severe, pervasive, and regular;
   (c) such discrimination detrimentally affected Plaintiff;
   (d) such discrimination would have detrimentally affected a reasonable person of the same protected class in her position; and
   (e) there existed in Defendant Penn respondeat superior liability for the actions of its employees.

40. The unlawful employment practices outlined above were intentional.

41. As a result of Defendant's action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

42. The above described acts and omissions of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

43. Said acts and omissions of Defendant Penn were committed by and through its

5

management employees within their employment relationships with Defendant Penn.

44. The extreme and outrageous acts and omissions of Defendant merits the imposition of punitive damages.

**WHEREFORE,** Plaintiff Emily Margiatto prays that this Court:
- (a) accepts jurisdiction over this matter;
- (b) impanels and charges a jury with respect to the causes of action; and
- (c) awards the following damages:
  - i. back pay, front pay, and all lost benefits along with pre and post judgment interest;
  - ii. punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;
  - iii. attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by Title VII; and
  - iv. any other relief which this Court deems just and equitable.

## COUNT II
### PHRA - Sex Discrimination in Employment
(Sexual Harassment - Hostile Work Environment)

45. Plaintiff incorporates paragraphs 1 through 44 as though set forth in full herein.

46. By the conduct set forth above in the Statement of Facts, Penn by and through its employees within the course and scope of their employment with Penn, Defendant engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Section 955.

47. Taken together, the acts outlined above constitute a hostile work environment based on gender as follows:
- (a) Plaintiff suffered the intentional discrimination outlined above because of her membership in a protected class - female;
- (b) such discrimination was severe, pervasive, and regular;
- (c) such discrimination detrimentally affected the Plaintiff;
- (d) such discrimination would have detrimentally affected a reasonable person of the same protected class in her position; and
- (e) there existed in Defendant Penn respondeat superior liability for the actions of its

employees.

48. The unlawful employment practices outlined above were intentional.

49. As a result of Defendant's action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

50. Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the state protected rights of Plaintiff.

**WHEREFORE,** Plaintiff Emily Margiatto prays that this Court:

(a) accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the causes of action; and

(c) awards the following damages:
   i. back pay, front pay, and all lost benefits along with pre and post judgment interest;
   ii. liquidated, and compensatory damages including, but not Limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;
   iii. attorneys' fees, expert witness fees, the costs of this action and expenses as provided for by the PHRA; and
   iv. any other relief which this Court deems just and equitable.

## COUNT III
### Title VII-Sex Discrimination in Employment
(Sexual Harassment - quid pro quo)

51. Plaintiff incorporates paragraphs 1 through 50 as though set forth in full herein.

52. By the conduct set forth above in the Statement of Facts, Defendant engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

53. Plaintiff was the member of a protected group - female

54. Mr. Bell's conduct was unwelcome.

55. Plaintiff's reaction to Mr. Bell's conduct affected tangible and intangible aspects of her

employment, as described above, including but not limited to being verbally abused, falsely disciplined, and having job responsibilities removed.

56. Mr. Bell was Plaintiff's manager and an employee of Defendant Penn.

57. The unlawful employment practices outlined above were intentional.

58. Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the federally protected rights of Plaintiff.

59. As a result of Defendant's action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

**WHEREFORE,** Plaintiff Emily Margiatto prays that this Court:

(a) accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the causes of action; and

(c) awards the following damages:
   i. back pay, front pay, and all lost benefits along with pre and post judgment interest;
   ii. punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;
   iii. attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by Title VII; and
   iv. any other relief which this Court deems just and equitable.

### COUNT IV
PHRA- Sex Discrimination in Employment
(Sexual Harassment - quid pro quo)

60. Plaintiff incorporates paragraphs 1 through 59 as though set forth in full herein.

61. By the conduct set forth above in the Statement of Facts, Defendant engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Section 955.

62. Plaintiff was a member of a protected group - female.

8

63. Mr. Bell's conduct was unwelcome.

64. Plaintiff's reaction to his conduct affected tangible and intangible aspects of her employment, as described above, including being verbally abused, disciplined, and having job responsibilities removed.

65. Mr. Bell was a member of management and an employee of Defendant Penn.

66. The unlawful employment practices outlined above were intentional.

67. Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the state protected rights of Plaintiff.

68. As a result of Defendant's action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

WHEREFORE, Plaintiff Emily Margiatto prays that this Court:
(a) accepts jurisdiction over this matter;
(b) impanels and charges a jury with respect to the causes of action; and
(c) awards the following damages:
   i. back pay, front pay, and all lost benefits along with pre and post judgment interest;
   ii. liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;
   iii. attorneys' fees, expert witness fees, the costs of this action and expenses as provided for by the PHRA; and
   iv. any other relief which this Court deems just and equitable.

## COUNT V
### Retaliation

69. Plaintiff incorporates paragraphs 1 through 68 as though set forth in full herein.

70. Plaintiff voiced her assertions of discrimination to Defendant's management employees as stated above.

71. As a direct result of her discussions with Defendant's employees above, Plaintiff suffered the retaliatory treatment by Defendant as described herein, ultimately leading to her constructive termination.

72. By and through its actions, Defendant violated the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq., and the PHRA by retaliating against Plaintiff after she exercised her legal and protected rights to complain of discrimination.

73. The unlawful employment practices outlined above were intentional.

74. Defendants engaged in the unlawful employment practices outlined above with malice or reckless indifference to the state and Federally protected rights of Plaintiff.

75. As a result of Defendants' action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

**WHEREFORE,** Plaintiff Emily Margiatto prays that this Court:

    (a) accept jurisdiction over this matter;

    (b) impanels and charges a jury with respect to the causes of action; and

    (c) awards the following damages:

        i. Back pay, front pay, and all lost benefits along with pre and post judgment interest;

        ii. punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

        iii. reinstatement with applicable seniority, attorneys' fees, expert witness fees, the costs of this action and expenses as provided for by the PHRA and Title VII;

        iv. Any other relief which this Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury on all counts.

Dated: 10/20/2021

Albert J. Michell, Esquire
Attorney ID: 76797
**ALBERT J. MICHELL, P.C.**
40 West Evergreen Avenue, Suite 102
Philadelphia, PA 19118
Send correspondence to:
PO Box 4062
Philadelphia, PA 19118
Telephone: 215.922.2588
Validation of Signature Code: AJM4598

EXHIBIT "A"

EEOC Form 161 (11/2020)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Emily Margiatto**
**1733 Weldon Shivers Drive**
**Ewing, NJ 08628**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-03833 | **Legal Unit,** **Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter*        September 24, 2021

Enclosures(s)

**Dana R. Hutter,**
**Deputy Director**       *(Date Issued)*

cc:

**Helen Logan**
**Albert Michell, Esq.**